IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
2nd CIVIL DIVISION

**FILED**

2020 SEP 14 PM 2: 24

DARLENE MASSINGILL
CONWAY COUNTY
CIRCUIT CLERK

BY _____ **VO** _____ D.C.

DARRELL OLIGER AND CAROL OLIGER,
CO-TRUSTEES OF THE DARREL AND CAROL
OLIGER REVOCABLE TRUST DATED
JUNE 19, 2007, Individually and on behalf of all
others similarly situated                                        **PLAINTIFFS**

v.                            Case No. CV2020-158

FLYWHEEL ENERGY PRODUCTION, LLC                  **DEFENDANT**

---

## FIRST AMENDED CLASS ACTION COMPLAINT

---

Comes now the Plaintiffs, Darrell Oliger and Carol Oliger, Co-Trustees of The Darrell and Carol Oliger Revocable Trust dated June 19, 2007, individually and on behalf of all others similarly situated, ("Plaintiffs" or the "Oligers") by and through their attorneys, and for their First Amended Class Action Complaint, against FLYWHEEL ENERGY PRODUCTION, LLC ("Defendant" or "FLYWHEEL PRODUCTION") state:

### INTRODUCTION

1.      This is an Action seeking class certification and damages for FLYWHEEL PRODUCTION's breach of contract, unjust enrichment and deceptive trade practices in connection with their scheme to underpay royalty owners in FLYWHEEL PRODUCTION-operated wells where FLYWHEEL PRODUCTION is or was the operator **and** leaseholder or assignee from and after January 2019. This Action also seeks a class-wide declaratory judgment and supplemental relief under the Arkansas Uniform Declaratory Judgments Act, Ark. Code Ann. §16-111-101, *et seq*.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiffs are individuals and citizens of Conway County, Arkansas owning oil, gas,

Page 1 of 11

and other mineral interests in Conway County, Arkansas.

3.      The Class are citizens of various states and own oil, gas, and other mineral interests in lands and wells located in the State of Arkansas, as further defined herein.

4.      FLYWHEEL ENERGY PRODUCTION, LLC, is an Oklahoma Limited Liability Company with a principal address in Oklahoma City, Oklahoma. FLYWHEEL PRODUCTION is the owner of certain natural gas assets in the Fayetteville Shale and may be served with process in this Action through its registered agent: CT Corporation System, 124 West Capitol Ave., Ste. 1900, Little Rock, AR 72201-3717.

5.      Venue is proper in Conway County, Arkansas under Ark. Code Ann. § 16-60-101.

6.      Specifically, as provided by Ark. Code Ann. § 16-60-101(a)(1) and (3), a substantial part of the event or omission giving rise to the cause of action occurred in Conway County and the Plaintiffs resided in Conway County at the time of the event or omission giving rise to the cause of action.

7.      This Court has subject-matter jurisdiction over this Action under Ark. Const. Amend. 80 §6(A) which makes the trial court "the original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution."

8.      This Court has personal jurisdiction over FLYWHEEL PRODUCTION under Ark. Code Ann. § 16-4-101(B) and the due process clause of the Fourteenth Amendment to the United States Constitution.

9.      This Amended Complaint is not subject to removal under the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1332(d)(2), the requirements of diversity of citizenship do not exist because the amount in controversy does not exceed five million dollars ($5,000,000).

## FACTUAL ALLEGATIONS

10.      Southwestern Energy Company, including its subsidiaries, owned working interests and acted as operator of the leaseholds and wells in which Plaintiffs and Class owned mineral interests in the Fayetteville Shale, a part of the Arkoma Basin in Arkansas involving parts of Cleburne, Conway, Faulkner, Van Buren, and White counties.

11.      On or about December 3, 2018, Flywheel Energy, LLC, and certain wholly-owned subsidiaries, acquired from Southwestern Energy, SWN Production (Arkansas), LLC, Fayetteville Shale assets in Arkansas, including wells, an integrated midstream gathering system, compressor stations, and oil and gas leases.

12.      Due to this acquisition, on or about December 3, 2018, SWN Production (Arkansas), LLC was converted to FLYWHEEL PRODUCTION. The Certificate of Conversion is attached as Exhibit No. 1 and incorporated herein by reference.

13.      Upon information and belief, due to this conversion, FLYWHEEL PRODUCTION became the operator of the leaseholds and wells in which Plaintiffs and Class owned mineral interests.

14.      Upon information and belief, due to this conversion, FLYWHEEL PRODUCTION became a party, more specifically lessees, to certain gross proceeds oil and gas leases in which Plaintiffs and Class were lessors. Plaintiffs' Oil and Gas Lease is attached as Exhibit 2 and incorporated herein by reference.

15.      Upon information and belief, on or about May 1, 2019, FLYWHEEL PRODUCTION became obligated to make royalty payments to Plaintiffs and Class based upon its obligation as operator of the leaseholds and wells in which Plaintiffs and Class owned mineral interests in accordance with Ark. Code Ann. §15-72-305.

16.    Upon information and belief, on or about May 1, 2019, FLYWHEEL PRODUCTION became obligated to make royalty payments to Plaintiffs and Class based upon said **gross proceeds** oil and gas leases due to its obligation as leaseholder.

17.    Plaintiff's Oil and Gas Lease provides that the Defendant "covenants" to "pay [the Oligers] a royalty" of "twenty percent (20%) of the *gross proceeds* received by Lessee for the gas sold, used off the premises, or in the manufacture of products therefore, said payments to be maid monthly." *See* Exhibit No. 2 at ¶1.A. Instead of paying the Oligers 20% of the gross proceeds, FLYWHEEL PRODUCTION is paying approximately 17.5% of the *gross proceeds*.

18.    Upon information and belief, on or about May 1, 2019, Plaintiffs and the Class became aware that FLYWHEEL PRODUCTION was failing to pay royalty payments under its obligation as leaseholder in accordance with the terms of their gross proceeds oil and gas leases.

19.    FLYWHEEL PRODUCTION's predecessor in title, Southwestern Energy Company, including its subsidiaries, properly paid Plaintiffs and Class under its obligation as operator and under its obligation as leaseholder in accordance with the terms of their gross proceeds oil and gas lease.

20.    Upon information and belief, FLYWHEEL PRODUCTION failed and is failing to pay proper royalty payments due to an improper understanding of Arkansas Code Ann. §15-72-305. Upon information and belief, FLYWHEEL PRODUCTION is paying Plaintiffs and Class in accordance with its role as operator (Ark. Code Ann. § 15-72-305(a)(6)(A)) but failing to pay Plaintiffs and the Class in accordance with its role as leaseholder under the terms of the Oligers' Lease.

21.    Upon information and belief, FLYWHEEL PRODUCTION failed and is failing to understand its obligation as the leaseholder.

## CLASS ACTION ALLEGATIONS

22.    Plaintiffs bring this Action individually and on behalf of a class of similarly situated

persons pursuant to Arkansas Rule of Civil Procedure 23.

23.    Plaintiffs sue on their own behalf and for the following Class:

All royalty owners in FLYWHEEL PRODUCTION -operated wells where FLYWHEEL PRODUCTION is or was the operator and leaseholder or assignee from and after January 2019. The Class Claims relate only to the proper gross proceeds payment arising from gross royalty leases of hydrocarbons produced from wells located in the State of Arkansas.

The Class Claims do not include lessor's claims in those wells during those periods where FLYWHEEL PRODUCTION was not the operator and leaseholder or assignee.

The persons or entities excluded from the Class are (a) governmental entities, including federal, state, and local governments and their respective agencies, departments, or instrumentalities; (b) the States and territories of the United States or any foreign citizens, states, territories, or entities; (c) the United States of America; (d) publicly traded oil and gas exploration companies and their affiliates, including FLYWHEEL PRODUCTION, and its respective parents, affiliates, and related entities.

24.    Although the precise number of members of the Class is unknown, there are enough

members who are putative Class Members to meet the requirements of Rule 23(a). According to

records from the Arkansas Oil and Gas Commission's website, FLYWHEEL PRODUCTION operates

hundreds    of    natural    gas    wells    in    the    State    of    Arkansas.

*See* aogc.state.ar.us/WellData/Wells.aspx (last visited Sep. 4, 2020).

25.    Plaintiffs are members of the Class.

26.    Plaintiffs' claims are typical of the claims of all Class Members in that all putative

Class Members had gross proceeds leases with FLYWHEEL PRODUCTION -operated wells where

FLYWHEEL PRODUCTION is or was the operator and leaseholder or assignee from and after January

2019

27.     No antagonism exists between the interests of the Representative Plaintiffs and the interest of other Class Members, and Plaintiffs are fully prepared to pursue their case diligently on their behalf. Plaintiffs are otherwise proper persons to serve as Class Representatives and are interested in the outcome of this litigation and understand the importance of adequately representing the Class. Further, Plaintiffs will fairly and adequately protect the interests of the Class sought to be certified in this case.

28.     Plaintiffs' counsel are experienced in class action and oil and gas litigation and are well qualified to conduct this litigation.

29.     There exist numerous common questions of law or fact within the meaning of Rule 23 and these common questions predominate over any questions affecting only individual Class Members within the meaning of Rule 23. These common questions include, but may not be limited to the following:

      a.    Are the gross lease contracts substantially similar among class members?

      b.    Did Defendant calculate royalty payments for the first 1/8 royalty due based on "net proceeds," not "gross proceeds" without regard to the underlying lease term?

      c.    Did Defendant alter its "paydeck" software to calculate its royalty payments for the first 1/8 royalty due based on "net proceeds" without regard to the underlying lease term?

      d.    Did Defendant deal fairly with its "gross proceeds" leaseholders?

      e.    Did the Defendant engage in overall "unconscionable, false, and deceptive acts and practices in business" by failing to comply with the terms of Plaintiffs' and Class' gross proceeds oil and gas lease?

      f.    Was the Defendant's failure to make royalty payments for the first 1/8 royalty due based on "net proceeds," not "gross proceeds" without regard to the underlying lease term part of an overall scheme perpetrated by Defendant?

30.     Under Rule 23, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Class Members' claims to one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudication.

31.     The damages suffered by individual Class Members are relatively modest, and their interest in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them, the class mechanism of Rule 23 is superior. Plaintiffs know of no difficulty encountered in the management of this Action that would preclude its maintenance as a class action.

32.     It is administratively feasible to determine whether a particular individual is a member of the Class, because FLYWHEEL PRODUCTION has the administrative ability to identify all Class Members because it distributes royalties on a monthly basis.

33.     Upon information and belief, Plaintiffs and the Class have received royalty payments for the first 1/8 royalty due based on "net proceeds," not "gross proceeds" without regard to the underlying lease term, thereby allowing Defendant to be unjustly enriched at the expense and to the detriment of Plaintiffs and Class.

34.     Defendant's failure to pay Plaintiffs and the Class based upon mutually negotiated gross proceeds oil and gas leases resulted in harm to Plaintiffs and the Class.

## COUNT I: BREACH OF CONTRACT

35.     Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

36.     Plaintiffs and the Class entered into gross proceeds oil and gas leases, which were

Page 7 of 11

acquired by Defendant through the above-mentioned conversion, which state that the Lessee (Defendant) "covenants and agrees" to pay the Lessor (Plaintiff and the Class) in accordance with the lease.

37.    Defendant failed to pay Plaintiffs and the Class in accordance with the gross proceeds oil and gas lease.

38.    Defendant has failed to do what the lease required of it and therefore there is substantial failure of consideration.

39.    Plaintiffs and the Class have been injured due to Defendant's failure to pay Plaintiffs and the Class in accordance with the terms of the lease.

## COUNT II: UNJUST ENRICHMENT

40.    Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

41.    Plaintiffs and Class provided good and valuable consideration, specifically the exclusive use of lands described in the Plaintiffs' and each member of the Class' gross proceeds oil and gas lease for the purpose of prospecting, exploring, drilling, mining, operating for and producing oil or gas or both.

42.    It was reasonably expected that Plaintiffs and the Class would be paid in accordance with the terms of the gross proceeds oil and gas leases.

43.    Defendant was aware that Plaintiffs and the Class were previously paid in accordance with the terms of the gross proceeds lease prior to the above-mentioned conversion and were expecting to be paid in accordance with the terms of the gross proceeds lease subsequent to the above-mentioned conversion.

44.    Defendant's failure to pay in accordance with the terms of Plaintiffs' and the Class'

gross proceeds lease has unjustly enriched Defendant to the detriment of Plaintiffs and the Class.

45.    Plaintiffs and the Class have been injured due to Defendant's failure to pay Plaintiffs and the Class in accordance with the terms of the lease.

## COUNT III: DECEPTIVE TRADE PRACTICES

46.    Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

47.    Plaintiffs and the Class have sustained actual financial loss due to the fact that Defendant has failed and continually fails to pay them in accordance with their gross proceeds oil and gas lease.

48.    Defendant engaged in unconscionable, false, and deceptive acts and practices in business by failing to comply with the terms of Plaintiffs' and the Class' gross proceeds oil and gas lease.

49.    Plaintiffs' and the Class' actual financial loss was proximately caused by Defendant's conduct.

## COUNT IV: DECLARATORY JUDGMENT

50.    Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

51.    Under Arkansas law, any person interested under a written document or statute has the right to have determined any question of construction or validity arising under that written instrument or statute and obtain a declaration of rights and legal relationship thereunder. Ark. Code Ann. § 16-111-104.

52.    Plaintiffs and the Class are interested parties insofar as they have entered into a

gross proceeds lease with Defendant which required Defendant to pay a royalty based on gross proceeds.

53.    Accordingly, Plaintiffs and the Class respectfully requests that this Court construe the rights and obligations of the parties under each gross proceeds lease.

54.    Specifically, Plaintiffs and the Class request a declaration from this Court that the Gross Proceeds Lease requires Defendant to pay royalties based on gross proceeds.

55.    Plaintiffs and the Class further request that following the Court's declaratory judgment or decree the Court grant "further relief" as "necessary or proper" under Ark. Code Ann. § 16-111-108.

## DEMAND FOR JURY TRIAL

56.    Under Rule 38(a) Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests the following relief:

A.    Determine that this action be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure, appoint Plaintiffs as Class Representatives, and Plaintiffs' counsel as Class Counsel;

B.    Damages to the Class in an amount believed to be in excess of $75,000 but not to exceed $5,000,000;

C.    Declaratory relief and supplemental relief under the Arkansas Uniform Declaratory Judgments Act;

D.    Costs, including reasonable attorneys' fees, as permitted by law; and

E.    Such other relief in law and equity, including without limitation, costs, pre-judgment interest, post-judgment interest, and any other relief to which Plaintiffs and Class may be entitled.

DATE: September 9, 2020                          Respectfully Submitted,

M. Edward Morgan, (AR #82113)
Nathan S. Morgan (AR#09269)
MORGAN LAW FIRM, P.A.
148 Court Street
Clinton, AR 72031-7085
(501) 745-4044 / fax: (501) 745-5358
Email: eddie@medwardmorgan.com
Email: nathan@morganlawfirmpa.com

Thomas P. Thrash (AR #80147)
Will Crowder (AR #03138)
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201-1214
(501) 374-1058 / fax (501) 374-2222
Email: tomthrash@thrashlawfirmpa.com
Email: willcrowder@thrashlawfirmpa.com

*Attorneys for Plaintiffs*