IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARRELL OLIGER & CAROL OLIGER,**                                                              **PLAINTIFFS**
*Co-Trustees of the Darrell and Carol Oliger*
*Revocable Trust Dated June 19, 2007*;
**PULOMA PROPERTIES, LLC; and**
**LGTD INVESTMENTS, LLC,**
*Individually and on behalf of all*
*others similarly situated*

v.                                   **Case No. 4:20-cv-01146-LPR**

**FLYWHEEL ENERGY PRODUCTION, LLC**                                                             **DEFENDANT**

### ORDER

Pending before the Court is Flywheel Energy Production, LLC's Motion for Summary Judgment.[1] That Motion is GRANTED. Here's why.

In a series of Orders entered in *Hurd v. Flywheel Energy Production, LLC*, *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, and *Flowers v. Flywheel Energy Production, LLC*, the Court has resolved all of the dispositive legal issues that are at play in the instant case.[2] The Court need not repeat the content of those Orders here. Instead, the Court adopts and incorporates the findings, analyses, and conclusions from those Orders as if they were fully set out herein. With this in mind, the Court turns to the Plaintiffs' claims.

---

[1] Doc. 111.

[2] *See Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR, 2023 WL 3687166 (E.D. Ark. May 26, 2023) ("*Hurd* Certification Order"); *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR, 2023 WL 5669094 (E.D. Ark. July 25, 2023) ("*Hurd* Summary Judgment Order I"); *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR, 2024 WL 4571445 (E.D. Ark. Oct. 24, 2024) (slip op.) ("*Hurd* Summary Judgment Order II"); *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, No. 4:20-cv-00178-LPR, 2024 WL 4652196 (E.D. Ark. Nov. 1, 2024) (slip op.); Order, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Jan. 29, 2025), ECF No. 105 ("*Flowers* Summary Judgment Order").

I.      **Declaratory Judgment and Breach of Contract (Counts I and II)**

With respect to Counts I and II, the Plaintiffs' allegations in this case are essentially identical to the allegations in *Hurd*, *Pennington*, and *Flowers*.[3] Primarily, the Plaintiffs allege that: (1) Flywheel—in its capacity as operator—has been unlawfully deducting post-production expenses from the first 1/8 royalty paid out to Plaintiffs; and (2) Flywheel—in its capacity as the working interest owner—is acting in breach of the gross proceeds leases by failing to pay the Plaintiffs the delta between what it is paying as operator (a net proceeds royalty) and what the Plaintiffs believe they are contractually owed (a gross proceeds royalty) with respect to the first 1/8 royalty.

Those claims fail for the same reasons such claims failed in *Hurd*, *Pennington*, and *Flowers*. First, the statutory blended royalty provided for by Arkansas Code Annotated section 15-72-305 entirely replaces the first 1/8 royalty owed under the relevant leases.[4] Second, Flywheel's deductions of post-production expenses from the statutory blended royalty are

---

[3] *Compare* Third Am. Compl. (Doc. 34) ¶¶ 14–27, 36(b)–36(j), 44, 47–52, *with* Second Am. Compl. ¶¶ 7–17, *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR (E.D. Ark. filed Dec. 19, 2022), ECF No. 25, *and* First Am. Compl. ¶¶ 14–27, 36–37, 41–42, *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, No. 4:20-cv-00178-LPR (E.D. Ark. filed May 19, 2020), ECF No. 8, *and* Compl. ¶¶ 5–27, 36(b)–36(j), 44, 47–52, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. removed Apr. 21, 2021), ECF No. 2.

The instant case is most similar to *Hurd* insofar as Flywheel is both the operator of the wells at issue and the working interest owner under the leases at issue. *Compare* Pls.' Resp. to Def.'s Statement of Undisputed Facts (Doc. 117) ¶¶ 1, 7, *with* Joint Stipulation of Facts ¶¶ 1, 3, *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR (E.D. Ark. filed Jan. 13, 2023), ECF No. 28. In *Flowers*, Flywheel only operated the wells, and the other named defendants (Riverbend and Merit Energy) were the working interest owners. *See* Pls.' Resp. to Riverbend's Statement of Undisputed Facts ¶¶ 7–8, 11–12, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 13, 2024), ECF No. 96; *see also* Pls.' Resp. to Merit Energy's Statement of Undisputed Facts ¶ 1, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 30, 2024), ECF No. 102. But Plaintiffs' allegations regarding Flywheel's conduct in its capacity as the working interest owner mirror those levied against the working interest owner defendants in *Flowers*, and the arguments supporting the allegations made by the Plaintiffs in the instant case mirror those made by the *Flowers* plaintiffs. *Compare* Br. in Resp. to Def.'s Mot. for Summ. J. (Doc. 116), *with* Br. in Resp. to Defs.' Mot. for Summ. J., *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 13, 2024), ECF No. 95, *and* Br. in Resp. to Merit Energy's Mot. for Summ. J., *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 30, 2024), ECF No. 103.

[4] *See Hurd* Certification Order at *5–8; *Hurd* Summary Judgment Order II at *2, *16 (denying a motion to reconsider the Court's conclusion in the *Hurd* Certification Order that the statute replaces the first 1/8 royalty owed under the plaintiffs' leases).

permitted by the statute.[5] Plaintiffs' Brief contests the Court's interpretation of section 15-72-305 by using arguments that are essentially identical to those employed by the plaintiffs in *Flowers*.[6] The Court did not find those arguments persuasive in *Flowers* and it does not find them persuasive in the instant case, either.[7] Accordingly, Flywheel is entitled to summary judgment on all claims in Counts I and II.

## II.     Unjust Enrichment and Deceptive Trade Practices (Counts III and IV)

Count III levies unjust enrichment allegations against Flywheel. These claims are functionally identical to the unjust enrichment claims levied against the working interest owner defendants in the *Flowers* case.[8] As the Court explained in its summary judgment order in *Flowers* (with respect to Merit Energy and Riverbend), the Plaintiffs' unjust enrichment claims in the instant

---

[5] *See Hurd* Certification Order at *9–10; *Hurd* Summary Judgment Order II at *6–16 (providing additional detail as to why section 15-72-305 permits post-production expense deductions).

[6] *Compare* Br. in Resp. to Def.'s Mot. for Summ. J. (Doc. 116) at 6–11, *with* Br. in Resp. to Defs.' Mot. for Summ. J. at 6–11, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 13, 2024), ECF No. 95, *and* Br. in Resp. to Merit Energy's Mot. for Summ. J. at 6–11, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 30, 2024), ECF No. 103.

The Court notes that the breach-of-contract portion of Plaintiffs' brief refers to "Merit and Riverbend" breaching the terms of Plaintiffs' leases rather than Flywheel breaching said leases. Br. in Resp. to Def.'s Mot. for Summ. J. (Doc. 116) at 11. Of course, Riverbend and Merit are not parties to the instant case, and Flywheel is the party that the Plaintiffs are alleging breached their leases. *See* Third Am. Compl. (Doc. 34) ¶¶ 49–53. This mistake appears to be a consequence of the Plaintiffs submitting a brief that is essentially identical to the summary judgment briefs submitted by the plaintiffs in *Flowers*. *Compare* Br. in Resp. to Def.'s Mot. for Summ. J. (Doc. 116), *with* Br. in Resp. to Defs.' Mot. for Summ. J., *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 13, 2024), ECF No. 95, *and* Br. in Resp. to Merit Energy's Mot. for Summ. J., *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 30, 2024), ECF No. 103. Accordingly, the Court will proceed with the understanding that any references to "Riverbend" or "Merit Energy" are intended to refer to Flywheel in its capacity as the working interest owner.

[7] *See Flowers* Summary Judgment Order at 3. Plaintiffs' Complaint also asserts back-up claims in Count I which are functionally identical to back-up claims asserted by the *Flowers* plaintiffs. *Compare* Third Am. Compl. (Doc. 34) ¶¶ 47(c), 47(f), *with* Compl. ¶¶ 47(c), 47(f), *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. removed Apr. 21, 2021), ECF No. 2. The Court rejects these claims for the same reasons it rejected the similar claims brought by the plaintiffs in *Flowers*. *See Flowers* Summary Judgment Order at 3–4.

[8] *Compare* Third Am. Compl. (Doc. 34) ¶¶ 54–59, *with* Compl. ¶¶ 54–59, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. removed Apr. 21, 2021), ECF No. 2.

case fail because Plaintiffs have a contractual relationship with Flywheel.[9]  So Flywheel is entitled to summary judgment on all claims brought in Count III.

Count IV of the Complaint alleges violations of the Arkansas Deceptive Trade Practices Act.[10]  For the reasons explained in this Court's summary judgment order in *Flowers*, Plaintiffs' ADTPA claims fail as a matter of law regardless of whether they address Flywheel's actions in its capacity as operator or in its capacity as the working interest owner.[11]  Flywheel is therefore entitled to summary judgment on all claims brought in Count IV.

\*   \*   \*

For the foregoing reasons, Defendant Flywheel Energy Production, LLC's Motion for Summary Judgment is GRANTED.[12]  Judgment will be entered for Defendant Flywheel Energy Production, LLC on all live claims, and this case will be CLOSED.

IT IS SO ORDERED this 3rd day of February 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[9] *See Flowers* Summary Judgment Order at 5; Pls.' Resp. to Def.'s Statement of Undisputed Facts (Doc. 117) ¶ 1. Plaintiffs' brief incorrectly states that they "do not have a contractual relationship" with Flywheel. Br. in Resp. to Def.'s Mot. for Summ. J. (Doc. 116) at 12; *see also* Pls.' Resp. to Def.'s Statement of Undisputed Facts (Doc. 117) ¶ 1 (establishing that Plaintiffs have a contractual relationship with Flywheel).  This mistake appears to be a consequence of Plaintiffs submitting a brief that is essentially identical to the summary judgment briefs submitted by the plaintiffs in *Flowers*.  *See supra* n. 6.  But even if the Court applies Plaintiffs' arguments to Flywheel's conduct in its capacity as the working interest owner, *see id.*, Plaintiffs' unjust enrichment claims still fail for the reasons elaborated in the Court's summary judgment order in *Flowers*.  *See Flowers* Summary Judgment Order at 5.

[10] Third Am. Compl. (Doc. 34) ¶¶ 60–63; Br. in Resp. to Def.'s Mot. for Summ. J. (Doc. 116) at 14.

[11] *See Flowers* Summary Judgment Order at 5–7.

[12] Doc. 111.